# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA DAVENPORT DIVISION

| | |
|---|---|
| JAYMES ANTHONY STARK ) )     Plaintiff, ) ) vs. ) ) LEE COUNTY IOWA, THE STATE OF ) IOWA; STEVE SPROUL; JEREMY ) HAMELTON; ZACHARY COPPAGE; ) DUSTIN YOUNG; C.J. WRAY; ) )     Defendants. ) | CASE NO.: **COMPLAINT & JURY DEMAND** **And REQUEST FOR EMERGENCY INJUNCTIVE RELIEF** |

COMES NOW, the Plaintiff, Jaymes Stark, individually, and for his Complaint and Jury Demand against Defendants Lee County, Iowa, the State of Iowa, Steve Sproul, Jeremy Hamelton, Zachary Coppage, Dustin Young, and C.J. Wray, states to the Court, as follows:

## INTRODUCTION

1. This is an action brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. §§1983 and 1985 arising under the First, Fourth and Eighth Amendments, incorporated to the States through the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Iowa, Article I, Sections 7, 8 and 17.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Lee County Iowa on or about June 29, 2016, or are being committed in in the State of Iowa at this time.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§1983 and 1985.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) in that one or more of the Defendants live and/or do business in this district, the rest residing in the State of Iowa, and a substantial portion of the events that give rise to this claim occurred in this district.

## PARTIES

5. At all times material hereto, Plaintiff Jaymes Anthony Stark (hereinafter referred to as "Stark") was a citizen and resident of Lee County, Iowa.

6. At all times material hereto, Defendant Steve Sproul (hereinafter referred to as "Sproul") was a Deputy employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa. Sproul is being sued in his individual capacity.

7. At all times material hereto, Defendant Jeremy Hamelton (hereinafter referred to as "Hamelton") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa. Hamelton is being sued in his individual capacity.

8. At all times material hereto, Defendant Zachary Coppage (hereinafter referred to as "Coppage") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa. Coppage is being sued in his individual capacity.

9. At all times material hereto, Defendant Dustin Young (hereinafter referred to as "Young") was a Correctional Officer employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa. Young is being sued in his individual capacity.

10. At all times material hereto, Defendant C.J. Wray (hereinafter referred to as "Wray") was a Deputy employed by the Lee County Sheriff's Department and upon information and belief was a resident of Lee County, Iowa. Wray is being sued in his individual capacity.

11. Lee County is a governmental subdivision of the State of Iowa and operates a Sheriff's Office and jail involved in the unlawful and unconstitutional treatment of Stark.

12. The State of Iowa operates a Department of Corrections including the Iowa Medical and Classification Center at Oakdale. Upon information and belief Stark is currently being held at Oakdale and not receiving necessary medical evaluation and treatment.

## FACTUAL BACKGROUND

13. On June 29, 2016, Stark was in the custody of the Sheriff of Lee County. Stark was being transported back to the jail by Defendant Sproul after a medical appointment.

14. Stark was in the back seat of Sproul's cruiser and not belted in with either a lap or shoulder belt.

15. Stark was in leg shackles, belly chain and handcuffs.

16. While in route from the medical appointment back to the jail Sproul decided to become involved in a high speed and deadly chase in pursuit of an armed suspect that had allegedly robbed a bank and was running across vacant field.

17. The bank robbery suspect was armed and on foot.

18. The bank robbery suspect filed multiple shots into Defendant Sproul's cruiser with Stark in the back seat.

19. The chase included high rates of speed and crossing an open field causing Stark to be repeatedly, and with great force, bounced around in the back seat of the cruiser with no ability to steady or protect himself because his hands were cuffed and his legs were shackled.

20. The chase ended in a ravine adjacent to the farm field where shots were exchanged between the bank robbery suspect, Sproul and other law enforcement officers.

21. The suspected bank robber was shot and bled to death while Stark watched from the back seat of Sproul's cruiser.

22. Stark was seriously physically injured and emotionally traumatized by the incident.

23. Later that day after the incident Defendants Wray, Hamelton, Coppage and Young came into Stark's jail cell and tried to intimidate him into denying that he was in Sproul's cruiser at the time of the dangerous high speed chase and shooting.

24. Defendant Lee County failed to properly train and/or supervise Sproul, Wray, Hamelton, Coppage and Young; and/or failed to ensure that those law enforcement officers acted in compliance with department policy; and/or had knowledge, actual or constructive, that Sproul had a propensity to wrongfully seize detainees and force them to participate against their will in a high speed chase, and/or subject them to cruel and unusual punishment; and the other individual Defendants had a propensity to attempt to pressure or intimidate detainees from being truthful about harm they have suffered and the cause of that harm.

25. The Defendants have a pattern or practice of wrongfully seizing people, subjecting people who have been seized to cruel and unusual punishment, and/or attempting to intimidate detainees from speaking truthfully.

26. Defendant Lee County is liable for the wrongful and unconstitutional conduct of the Defendants in wrongfully subjecting Stark to an additional seizure by requiring him to participate in a dangerous and high speed chase, violating Stark's right to be free from cruel and unusual punishment; and attempting to intimidate Stark into not telling the truth about his injuries and the cause of those injuries because such conduct was in accord with the policy, pattern, or practice of the Lee County Sheriff Department; and/or due to a lack of proper training and supervision by the Lee County Sheriff Department; and/or because of the actual or constructive knowledge of similar prior unconstitutional acts by the Defendants.

27. The negligent actions of the individual Defendants in violation of Plaintiff's constitutional rights constitute a willful and wanton disregard for the rights or safety of Plaintiff and caused actual damage to Plaintiff subjecting them to punitive damages.

28. At all times material hereto the Defendants were acting under color of state law.

29. After Stark was released from custody and served notice of this claim on the Defendants, certain of those Defendants harassed Stark by following him around and parking law enforcement cruisers outside of the home where he was staying for hours at a time, or causing other law enforcement officers to engage in such harassing conduct.

30. Stark pursued and exhausted all available internal remedies for resolution of complaints by detainees against Lee County jail personnel as made available by Lee County and against other jails and prisons where he was held including filing complaints regarding the conduct of the Defendants, as set out above. Neither Lee County, nor any other jail or prison, took any action to investigate or resolve the internal complaints filed by Stark. Stark

thereby complied with all requirements of the Prison Litigation Reform Act prior to filing this lawsuit.

### COUNT I - UNREASONABLE SEIZURE –
### SPROUL and LEE COUNTY

31. Stark repleads and realleges paragraphs 1 through 30 as fully set forth herein.

32. Although Stark was already in custody, the decision of Defendant Sproul to engage in a dangerous and high speed chase with Stark in the back seat, and not belted in, constitutes a separate and distinct additional seizure without probable cause that was unreasonable and in violation of the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

33. Defendant Sproul's additional seizure without probable cause proximately caused damages to Stark by unlawfully and without court order, seizing him and forcing him to participate in a dangerous and high speed chase against his will in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against the Defendants Sproul and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against Sproul and for such other and further relief as may be just in the premises.

### COUNT II – CRUEL and UNUSUAL PUNISHMENT –
### SPROUL and LEE COUNTY

34. Stark repleads and realleges paragraphs 1 through 32 as fully set forth herein.

35. Engaging in a dangerous and high speed chase that put Stark's life and health in jeopardy and doing so while Stark was not wearing a seat belt, lap or shoulder, and while

Stark's hands and legs were shackled, all violated the cruel and unusual punishment prohibition of the Eighth Amendment to the United States Constitution and Article I, Section Seventeen of the Iowa Constitution.

36. Defendant Sproul's cruel and unusual punishment of Stark proximately caused damages to Stark by injuring him physically and emotionally and by putting his life and health at stake by forcing him to participate in a dangerous and high speed chase against his will in violation of his right not to be subjected to cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution and Article I, Section Seventeen, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against the Defendants Sproul and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against Sproul and for such other and further relief as may be just in the premises.

### COUNT III – FREE SPEECH – DEFENDANTS WRAY, COPPAGE, HAMELTON, YOUNG and LEE COUNTY

37. Stark repleads and realleges paragraphs 1 through 36 as fully set forth herein.

38. Defendants Wray, Coppage, Hamelton and Young's attempt to intimidate Stark and keep him from telling the truth about his injuries and the cause of those injuries violated Stark's freedom of speech in violation of the First Amendment to the United States Constitution and Article I, Section Seven, of the Iowa Constitution.

39. Defendants Wray, Coppage, Hamelton and Young's conduct in violating Stark's freedom of speech proximately caused emotionally and other damages to Stark in violation of the First Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, Stark prays for judgment against Defendants Wray, Coppage, Hamelton, Young and Lee County in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against the individual Defendants and for such other and further relief as may be just in the premises.

### COUNT IV-CONSPIRACY – SECTION 1985 – DEFENDANTS SPROUL, WRAY, COPPAGE, HAMELTON, YOUNG and LEE COUNTY

40. Stark repleads and realleges paragraphs 1 through 39 as fully set forth herein.

41. 42 U.S.C. § 1985 makes it unlawful for two or more parties to conspire to deny constitutional rights and privileges to citizens such as Stark.

42. The Defendants conspired to cover up the high speed and dangerous chase that Stark was subjected to against his will, specifically attempted to intimidate him into not truthfully describing his injuries and the cause of those injuries, and have violated his constitutional rights, as set out above.

43. Defendants conspired to harass Stark after he was released from prison in an effort to have his parole revoked and limit his ability to pursue the claims set out in this lawsuit as well as intimidate him into not pursuing said claims

44. The Defendants' conspiracy to cover up their wrongful and unconstitutional conduct has proximately caused emotional and other damages to Stark.

WHEREFORE, Stark prays for judgment against Defendants Lee County, Sproul, Wray, Coppage, Hamelton and Young in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law,

for punitive damages against the individual Defendants and for such other and further relief as may be just in the premises.

### COUNT V-COMMON LAW-NEGLIGENCE – DEFENDANTS SPROUL, WRAY, COPPAGE, HAMELTON, YOUNG and LEE COUNTY

45. Stark repleads and realleges paragraphs 1 through 44 as fully set forth herein.

46. Defendant Sproul, at all times material hereto, was driving and operating a patrol cruiser owned by Lee County with the owner's consent and in the course of his duties as a Deputy for the Lee County Sheriff's Department.

47. Defendants Wray, Coppage, Hamelton and Young, at all times material hereto, were employees or acting as agents of Lee County and acting in the course of their duties as law enforcement officers.

48. Defendant Sproul was negligent and at fault, and this negligence and fault was a proximate cause of the injury and damage to Stark; said negligence includes, but is not limited to:

    a) engaging in a dangerous and high speed chase with Stark in the cruiser;

    b) failing to use a seat belt, lap and/or shoulder, to secure Stark;

    c) continuing to engage in the pursuit after shots were fired at the cruiser;

    d) continuing to engage in the pursuit after it was necessary to travel through an open field at a high rate of speed;

    e) failing to have his vehicle under control;

    f) exceeding the speed limit;

    g) driving recklessly;

    h) harassing Stark and/or causing other law enforcement officers to harass Stark after he was released from prison; and

          i)     other specifications of negligence.

49. Defendants Wray, Coppage, Hamelton and Young were negligent in attempting to intimidate Stark, threatening him, and trying to keep him from truthfully stating that he was an occupant of the cruiser driven by Sproul at the time of the dangerous high speed chase and had been injured as the result of that incident; and by harassing Stark and/or causing other law enforcement officers to harass Stark after he was released from prison.

50. Stark incurred injuries and damages proximately caused by the Defendants' negligence, including, but not limited to:

      a)     Past, present and future medical expenses, doctor expenses, and other health care provider expenses;

      b)     Past, present and future pain and suffering, emotional loss and trauma, loss of enjoyment of life and physical discomfort;

      c)     Past, present, and future loss of full function of mind and body and disability; and

      d)     Other damages.

51. Pursuant to Iowa Code Chapter 321.493, Defendant Lee County is liable for Plaintiffs' damages as the owner of the vehicle driven and operated by Defendant Sproul.

52. Defendant Lee County is also liable for Plaintiffs' damages pursuant to the doctrine of *respondeat superior* since at the time of their negligence all the individual Defendants were employed by Lee County and/or acting as agents of Lee County, and acting within the scope of their employment and/or agency.

WHEREFORE, Stark prays for judgment against Defendants Lee County, Sproul, Wray, Coppage, Hamelton and Young in an amount which will fully and fairly compensate him for his injuries and damages, for interest and costs as allowed by law, for punitive

damages against the individual Defendants and for such other and further relief as may be just in the premises.

### COUNT VI – CRUEL and UNUSUAL PUNISHMENT – DENIAL OF NECESSARY MEDICAL TREATMENT - STATE OF IOWA
[*Emergency Injunctive Relief Sought*]

53. Stark repleads and realleges paragraphs 1 through 52 as fully set forth herein.

54. Stark's parole has been revoked and upon information and belief he is currently being held at Oakdale.

55. Stark has exhausted the administrative remedies available to him at Oakdale.

56. While on parole Stark was able to obtain an MRI that found he suffered from two ruptured discs and a bulging disc all untreated since his injury on June 29, 2016.  Stark was referred for a surgical consult and on a waiting list for that consult at the University of Iowa Hospitals and Clinics when he was picked up for alleged parole violations.

57. While previously in the custody of the State of Iowa Stark did not receive the evaluation and treatment he needed for injuries suffered during the subject matter incident.

58. Stark was not sent for an MRI with the MRI done after his release from custody showing severe injuries in need of surgical correction.

59. Stark is back in the custody of the State of Iowa and currently not getting the medical treatment he needs for the injuries sustained in the subject matter motor vehicle incident.

60. The State of Iowa has been deliberately indifferent to Stark's medical needs.

61. The State of Iowa is aware of Stark's need for medical evaluation and treatment and has not responded.

62. Stark has been denied necessary medical treatment while in custody and continues to be denied necessary medical treatment while in custody in violation of the cruel and unusual punishment prohibition of the Eighth Amendment to the United States Constitution and Article I, Section Seventeen of the Iowa Constitution.

63. Defendant State of Iowa's cruel and unusual punishment of Stark by refusing to provide him with necessary medical treatment has damages to Stark by delaying his treatment and recovery from injuries caused by Defendant Sproul's negligent and unconstitutional conduct on June 29, 2016, causing him ongoing physical and emotional pain and suffering all in violation of his right not to be subjected to cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section Seventeen, of the Iowa Constitution.

64. The State of Iowa should be enjoined to require that Stark receive all necessary medical evaluation and treatment, including neck surgery, if recommended by Stark's treating orthopedic surgeon and/or neurosurgeon.

65. The Court's injunction requiring that Stark receive all necessary medical evaluation and treatment should apply to any future institutions, jails or prisons where Stark may be transferred.

66. Stark will suffer irreparable harm if not provided with necessary medical treatment in that he will continue to suffer and could exacerbate the preexisting condition leading to worse injury including paralysis.

67. Traditional legal remedies are inadequate to provide Stark with the necessary medical evaluation and treatment.

68. Stark has a likelihood of success on the merits of his claim since he was in custody at the time of the initial injury; the State of Iowa refused to provide him necessary medical evaluation and treatment; upon release from custody a MRI identified significant issues that may well need surgical intervention in order to correct; and Stark is not getting the required medical evaluation and treatment while in custody.

WHEREFORE, Stark prays for an Order from this Court requiring Defendant State of Iowa be required to provide Stark with all necessary medical evaluation and treatment as set out above, including neck surgery if recommended by a treating orthopedic surgeon and/or neurosurgeon; Enjoin Defendants from retaliating against Stark for pursuing this claim; for judgment against Defendant the State of Iowa an amount which will fully and fairly compensate him for his injuries and damages based upon the delay in providing necessary medical care and treatment; for interest and costs as allowed by law; for attorney's fees and costs; and for such other and further relief as may be just in the premises.

### JURY DEMAND

Stark hereby requests a trial by jury on all issues raised in his Complaint for which trial by jury is available.

Respectfully submitted,

**Dave O'Brien Law**
1500 Center St. NE
Cedar Rapids, Iowa 52402
Telephone:  (319) 861-3001
Facsimile:   (319)861-3007
E-mail: dave@daveobrienlaw.com

By:   /s/ *David A. O'Brien*
         DAVID A. O'BRIEN, AT0005870

ORIGINAL FILED.